IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MUNIRA SHAKIR, | § | CASE NO. 14-32639-H3-7 |
|     DEBTOR | § | (CHAPTER 7) |
| TASNEEM SHUJAUDDIN AND | § | ADVERSARY NO. 14-03305 |
| KUTBUDDIN A. LOKHANDWALA, | § | |
|     PLAINTIFFS | § | |
| V. | § | |
| | § | |
| MUNIRA SHAKIR, | § | |
|     DEFENDANT | § | |

## MOTION TO TRANSFER ADVERSARY PROCEEDING

TO THE HONORABLE BANKRUPTCY JUDGE LETITIA Z. PAUL,

Come now Tasneem Shujauddin and Kutbuddin A. Lokhandwala (collectively, "Movants") and represent:

This adversary proceeding is based on allegations of wrongful conduct on the part of the Debtor, Munira Shakir. Pending before the Honorable Marvin Isgur is an adversary proceeding wherein the Debtor is a defendant and the Chapter 7 trustee, Rodney Tow, is the plaintiff. This second adversary proceeding is based on allegations of wrongful conduct on the part of the Debtor. Both adversary proceedings involve allegations of the misuse of corporate assets and other wrongful conduct in the operation of the Debtor's business. More importantly, both adversary proceedings involve the efforts of Movants and the Trustee to obtain the same documentary evidence, which have been stymied and thwarted by the Debtor.

1.  Because very little remains of the corporate debtor's assets and the lack of adequate documentation to support the claims in both adversary proceedings, if there is any

resolution of the adversary proceedings, it is likely to occur in a single global settlement. Moreover, if settlement is not possible, then there will of necessity be two trials. However, there will likely be a substantial overlap in the evidence proffered in both adversary proceedings. Because of the modest size of the amounts in issue and large amount of fees and expenses incurred by all plaintiffs in attempting to obtain missing documentation, it is simply more efficient and cost effective for the parties to submit the matters in controversy in the two adversary proceedings to a single judge.

     2.     Judge Marvin Isgur has indicated that he is willing to preside over both adversary proceedings provided that the judge of this Court is willing to transfer this adversary proceeding to him.

     3.     Munira Shakir remains unrepresented in both adversary proceedings, as her counsel in both have sought and obtained permission to withdraw.

Wherefore Tasneem Shujauddin and Kutbuddin A. Lokhandwala pray that this Court cause the entry of an order transferring this adversary proceeding to Judge Marvin Isgur and give them such other relief as is just.

Respectfully submitted,

**CAGE, HILL & NIEHAUS, L.L.P.**

*/s/ Charles E. Long*
_____
Charles E. Long
State Bar No.  12514700
clong@cagehill.com
5851 San Felipe, Suite 950
Houston, TX  77057
Telephone:  (713) 789-0500
Facsimile:  (713) 974-0344

CERTIFICATE OF SERVICE

I hereby certify on this 10th day of June, 2016, that a true and correct copy of the Motion to Transfer Adversary Proceeding was served on Defendant, Munira Shakir, 16706 Vivian Point Lane, Houston, Texas 77095 via first class mail, postage prepaid.

*/s/ Charles E. Long*
_____
Charles E. Long